In the Matter of the Application of UL-TRACASHMERE HOUSE, LTD., Petitioner,

v.

NORDSTROM, INC., Respondent.

No. 87 Civ. 6324(KTD).

United States District Court, S.D. New York.

Dec. 8, 1988.

Bart Schwartz F./K./A. Ultracashmere House, Ltd., New York City, for petitioner.

Schonwald Schaffzin & Mullman, New York City, for respondent; Allen G. Reitter, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Petitioner Ultracashmere House, Ltd., ("Ultracashmere") moves to vacate an arbitration award rendered June 14, 1986. That award called for the respondent Nordstrom, Inc., ("Nordstrom") to pay Ultracashmere a sum of money. This petition was initially brought in Supreme Court, New York County, and was removed to this court by Nordstrom. The president of Ultracashmere, Bart Schwartz, is apparently representing the corporation. Schwartz now further moves to disqualify Nordstrom's counsel and seeks sanctions pursuant to Fed.R.Civ.P. 11. Nordstrom cross-moves to dismiss the action and for sanctions pursuant to Fed.R.Civ.P. 11 against both Ultracashmere and Schwartz. For the reasons discussed below, Nordstrom's motions to dismiss and for sanctions against Ultracashmere and Schwartz are granted.

## FACTS

This matter began in April 1982 when an arbitration was initiated between Ultracashmere and Nordstrom. The award that resulted from that arbitration was thereafter vacated by this court in a memorandum decision. *Ultracashmere House, Ltd. v. Nordstrom, Inc.,* No. 83 Civ. 1035 (S.D. N.Y. July 21, 1983). Thereafter, another arbitration was begun and the arbitrators rendered an award dated June 14, 1986. This award called for a payment of a sum of money to Ultracashmere. After deduction for restraining notices from third parties, Nordstrom tendered the award to Ultracashmere. Ultracashmere, however, rejected the tender in July 1986.

Almost thirteen months thereafter, on or about July 30, 1987, an action was brought in Supreme Court, New York County, on behalf of Ultracashmere to vacate the arbitration award. Ultracashmere was represented by counsel at that time. The attorney for Nordstrom notified counsel that the action was time barred because a petition to vacate an arbitrator's award must be made under state law or federal law within three months or ninety days, respectively. Thereafter counsel for Ultracashmere withdrew from the matter and the president of Ultracashmere, Schwartz, apparently undertook to represent the corporation.

Nordstrom then removed this case from the Supreme Court to this court. Pending in the Supreme Court, New York County, at the time were a number of other matters handled by Schwartz personally. Many of these matters apparently arise from the same arbitration.

Ultracashmere moved to remand this matter to the Supreme Court, New York County. The motions were all signed by Schwartz. Schwartz is not an attorney but seeks to represent the corporation either as "attorney in fact" or as assignee.

## DISCUSSION

■ This petition is clearly time barred under both federal and New York State law. *See* 9 U.S.C. § 12 (three months) (1982); N.Y. Civ. Prac. L. & R. § 7511(a) (McKinney 1980) (ninety days). Because the petition to vacate the arbitration award was served more than one year after the award was rendered, it must be dismissed.

■ Dismissal is also appropriate because Ultracashmere, through Schwartz, has continued to prosecute this petition although no longer represented by an attorney. It is well established that a corporation cannot appear personally or by one of its officers who is not an attorney. *Jones v. Niagara Frontier Transp. Authority,* 722 F.2d 20 (2d Cir.1983). Neither can a non-attorney appear in federal court pursuant to an assignment of rights from the corporation. *Id.* at 23. Thus, an attack on the arbitration here can be made only by the corporation and not by an "attorney in fact" or assignee.

■ Regarding the motion for sanctions, I am distressed by the vexatious litigation practices of Schwartz on behalf of Ultra-

cashmere. He has filed voluminous papers in this action that indulge in repeated personal attacks on the respondent and its counsel. It is also clear that soon after the petition was brought in state court, Schwartz was aware that this action was untimely. Counsel who prepared the petition withdrew after being apprised that it was time barred and the attorney whom Schwartz sought as a replacement refused to take the case. Schwartz was also made aware that the law requires that a corporation such as Ultracashmere must appear in federal court by counsel. He has persisted, however, in prosecuting this petition even though it is patently clear that the petition could not be brought under existing law. Accordingly, Rule 11 sanctions are appropriate. *See Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985), *cert. denied,* — U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

In sum, Nordstrom's motions to dismiss and for sanctions are granted and Ultracashmere's motions to vacate, to disqualify counsel, and for sanctions are denied. Sanctions in the amount of $1,000 are assessed against Ultracashmere and Bart Schwartz, jointly and severally, to be paid to Nordstrom to partially compensate for its costs and the attorneys' fees of this action.

SO ORDERED.